UNITED STATES v. ASSOCIATED MFG. CO. (No. 4402)[1]

United States Court of Customs and Patent Appeals, April 5, 1943

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney, of counsel), for the United States.

*Philip Stein* for appellee.

(Oral argument February 3, 1943, by Mr. Weeks and Mr. Stein)

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, holding certain imported children's tricycles to be properly classifiable as machines not specially provided for at the rate of 27½ per centum ad valorem under the provisions of paragraph 372 of the Tariff Act of 1930. The tricycles were classified by the collector of the port of San Francisco as a manufacture of metal not specially provided for under paragraph 397 of the said act. The pertinent portions of the competing paragraphs read as follows:

PAR. 372. * * * all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem: * * *.

---

[1] C. A. D. 238.

PAR. 397. Articles or wares not specially provided for, * * *; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

In its protest appellee claimed the imported merchandise to be properly dutiable at the rate of 30 per centum ad valorem as bicycles or parts thereof under paragraph 371 of the act, or alternatively "by assimilation or material of chief value under and by reason of the provisions of par. 1559, or if not dutiable as above, then at 10 or 20 per cent ad val. under par. 1558." At the trial the protest was amended to claim the merchandise to be, in the alternative, properly dutiable at 27½ per centum ad valorem as machines not specially provided for under paragraph 372.

At the trial the only claim relied upon was that the merchandise is properly dutiable as machines not specially provided for. In its brief here appellee has expressly abandoned all claims except that the tricycles are machines not specially provided for.

The case was submitted upon an agreed stipulation of facts as follows:

Mr. Stein. If the Court please, there was a motion to amend filed in this case, which has been granted, and the only question involved here is one of relative specificity. The merchandise consists of a tricycle, or at least a tricycle or tricycle parts, and I don't think that there can be any question about how a tricycle operates, so that I am wondering whether the Government will concede the description that I give, to the effect that a tricycle is an article which has three wheels, used chiefly by children of young years, and that the motion of the tricycle, or its power of motion, is created by the pressing of the feet of the operator, the child, on pedals which are attached to the front wheel, and by pushing the pedals forward to make the vehicle go forward. Is that agreeable? Also, the seat is located towards the rear, a little forward from the two back wheels, upon which the operator sits as he pushes the pedals on the front wheel. It can be reversed or put forward by the appropriate pressure on the pedals which are attached to the front wheel. I am informed by the importer in this case that the pedals are attached to the front wheel, and that the connecting gear, if it may be called that, has the shape of a "u" upside down, and then a "u" as it appears normally, so as to give that turning motion. In other words, it is a bar that goes up and across, and then down, and then across and up.

Mr. Welsh. Both Mr. Watson and myself have listened to Mr. Stein's exposition, and we agree that that substantially describes the operation of a child's tricycle.

In the lower court counsel for the plaintiff, appellee here, contended that the imported articles were machines within the definition laid down by this court in the case of Simon, Buhler & Baumann (Inc.) v. United States, 8 Ct. Cust. Appls. 273, T. D. 37537. The trial court agreed with the contention of the importer and without giving any reasons therefor merely stated as follows:

There is no question that upon the agreed statement of facts herein the tricycles in question are machines within the meaning of paragraph 372 of the Tariff Act of 1930, and as such are properly dutiable at the rate of 27½ per centum ad valorem thereunder as machines not specially provided for and parts thereof, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.

The question involved here is whether the tricycles are "machines" within the meaning of paragraph 372, *supra*, and dutiable at 27½ per centum ad valorem, or are articles not specially provided for composed wholly or in chief value of metal and dutiable at 45 per centum ad valorem under paragraph 397 as classified by the collector.

Appellee relies upon the dictionary definition of the word "tricycle" as it appears in Webster's New International Dictionary, Second Edition, unabridged, 1935, as follows:

*tricycle*, n. [F. See TRI-; CYCLE. Cf. BICYCLE.] *a* Obs. A kind of three-wheeled coach. *b* A light three-wheeled vehicle to be ridden by one or more persons and propelled by treadles or hand levers. Cf. BICYCLE, n. 1; VELOCIPEDE. *c* A three-wheeled motorcycle. Cf. TRICAR.

and upon definitions of the word "machine" as it appears in the same dictionary, quoted in the brief as follows:

*machine.* * * *.
2. Hence, a construction or contrivance of a mechanical sort, the work of human hands; specif., *a vehicle or conveyance;*—applied formerly to a *coach, cart,* etc., *now* variously to a *bicycle,* an automobile, an airplane, etc. * * *. (Italics ours [appellee's].)
* * *. Popularly, and in the wider mechanical sense, a machine is a more *or less* complex *combination of mechanical parts,* as *levers,* cog and sprocket *wheels,* pulleys, shafts, and spindles, ropes, chains and bands, * * * designed to operate upon material to change it in some preconceived and definite manner, to lift or *transport loads,* etc. (Italics ours [appellee's].)

Appellee also cites the New Century Dictionary in defining the word "machine" as follows:

*machine* * * * a. mechanical apparatus or contrivance; a mechanism; something operated by a mechanical apparatus, as an automobile, a *bicycle,* or an aeroplane; * * *. (Italics ours [appellee's].)

The brief of appellee calls to our attention several cases from various courts defining a machine generally as a mechanical device, combination or contrivance of mechanical powers to be used for certain operations or producing certain effects or results such as a vehicle or conveyance. It is not necessary in our opinion to discuss any of those cases for the reason that in the last analysis appellee relies upon the definition of a machine contained in the *Simon, Buhler & Baumann* case, *supra*, reading as follows: "* * * a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion. * * *."

It has been held many times by this court that that definition, while correctly defining the term "machine," is a very broad one and it never was intended to mean that every mechanical contrivance which utilizes or applies or modifies energy or force or for the transmission of motion must be considered in a tariff sense a machine. *United States* v. *Wm. Goldenblum & Co.*, 18 C. C. P. A. (Customs) 367, T. D. 44616; *United States* v. *Guth Stern & Co., Inc.*, 21 C. C. P. A. (Customs) 246, T. D. 46777; *United States* v. *The Cottage Creamery Co.*, 22 C. C. P. A. (Customs) 290, T. D. 47346; *United States* v. *Race Co.*, 22 C. C. P. A. (Customs) 327, T. D. 47362; *United States* v. *Dyson Shipping Co., Inc., et al.*, 29 C. C. P. A. (Customs) 148, C. A. D. 184.

We held in *United States* v. *Adler-Jones Co.*, 20 C. C. P. A. (Customs) 397, T. D. 46231, that while the definition in the *Simon, Buhler & Baumann* case, *supra*, was proper because it was applicable to the merchandise there involved, for that very reason it was not applicable in the *Adler-Jones* case.

Of course the tricycles herein are mechanical contrivances. We do not think, however, it can be said that such mechanical contrivances utilize energy or force. They are merely moved, carrying their riders by means of the force exercised on the pedals which turn the front wheel—one revolution to every revolution made by the pedals. Energy or force is applied to the tricycle, but is not utilized by it. A tricycle, in our opinion, is no more a machine than the hoisting apparatus of the old oaken bucket wherein the rope to which the bucket was appended was wound around a drum axle by the rotation of the angle-iron handle.

It is clear that a tricycle does not apply force or energy; the force or energy used in its propulsion is applied to it. Neither does it modify force or energy for the reason that the foot power necessary to turn the front wheel is not changed or modified in any respect by the apparatus. A tricycle such as here involved is not a mechanical contrivance for the transmission of motion.

If the involved tricycles are to be considered in a tariff sense as machines, so is a slingshot, or a peashooter, or an apple on a casting stick, or a bow and arrow, or roller skates, or a pogo stick, or a wheelbarrow. These are all mechanical contrivances for the transmission of force into motion, yet it would be absurd to conclude that simply because they do transmit force into motion they are to be considered as intended by Congress to come within the catch-all portion of the machine paragraph if they were not otherwise specially provided for.

For the reasons hereinbefore stated the judgment of the United States Customs Court is *reversed*.